## The Land Title and Trust Company, Administrator, Appellant, v. McGarrity.

*Statute of limitations—Contracts—Nonsuit.*

In an action for the recovery of money alleged to have been loaned to defendant by plaintiff's decedent, the statute of limitations precluded plaintiff's recovery, where it appeared that the transaction took place in 1897; that plaintiff's decedent died in 1902, and that the action was not brought until 1910.

Argued March 22, 1917.   Appeal, No. 75, Jan. T., 1917, by defendant, from judgment of C. P. No. 1, Philadelphia Co., March T., 1910, No. 4247, refusing to take off compulsory nonsuit in case of The Land Title and Trust Company, Administrator d. b. n. c. t. a. Estate Bridget Loughran, Deceased, Substituted Plaintiff, v. Joseph McGarrity.   Before BROWN, C. J., MOSCHZISKER, FRAZER and WALLING, JJ.   Affirmed.

Assumpsit for the recovery of money loaned.   Before PATTERSON, J.

The opinion of the Supreme Court states the case.

The lower court entered a compulsory nonsuit, which it subsequently refused to take off.

*Error assigned* was the refusal to take off the nonsuit.

*Henry A. Hoefler,* with him *Michael Francis Doyle,* for appellant.—The paper is an executory contract and not barred by statute: Dayton v. Cunnison, 9 Pa. 347; Stevenson v. Kleppinger, 5 Watts 420; Patterson v. Graham, 164 Pa. 234.

*William A. Gray,* for appellee.

PER CURIAM, April 16, 1917:

This action was brought upon a writing of which the following is a copy: "Received of Mrs. Bridget Loughran 6000, payable at the pleasure of Joseph McGarrity." The paper was executed by the defendant and given to Mrs. Loughran some time in 1897. He got the money from her the year before. He was the only witness in the case, having been called by the plaintiff as under cross-examination. According to his testimony, the money was a gift to him by his aunt, but, even if this were not so, the action on the writing was barred by the statute of limitations. Mrs. Loughran died in 1902, and this action was not brought until 1910. The nonsuit was properly entered, and the judgment is affirmed.